[S. F. No. 3181. In Bank.—December 15, 1902.]

## OSCAR TOLLE, Respondent, v. JOSEPHINE HEYDEN-FELDT et al., Appellants.

APPEAL—STAY-BOND—SUPERSEDEAS—FORECLOSURE OF LIENS—PERISH-ABLE PROPERTY.—Upon appeal from a judgment foreclosing liens on personal property, described therein as "mortgages and liens," the court having also found that the property ordered to be sold was "perishable property," — the ordinary three-hundred-dollar bond cannot operate as a stay-bond, and does not warrant a *supersedeas.*

APPLICATION for *supersedeas* pending an appeal from a judgment of the Superior Court of the City and County of San Francisco. Carroll Cook, Judge.

The facts are stated in the opinion of the court.

George D. Collins, for Appellants.

Pippy & Bahrs, and Charles F. Hanlon, for Respondent.

McFARLAND, J.—This is an application of the above-named defendants and appellants for a *supersedeas.*

There is a judgment in the superior court against the applicants for a sum of money, and also for the foreclosure of a lien on certain personal property which is ordered to be sold. The applicants appeal from the judgment and gave the ordinary three-hundred-dollar appeal-bond; but they have not given any stay-bond. Their contention seems to be that the three-hundred-dollar bond stays execution because it does not

come within any of the provisions of the code requiring a stay-bond, and therefore is governed by section 949 of the Code of Civil Procedure. This contention is not maintainable.

The transcript on appeal is not before us; and the matter must therefore be determined by the papers before us on this application. The position of applicants appears to be, that the lien decreed to be enforced was not a "mortgage of personal property," and therefore is not within section 943, or any of the other sections from 942 to 945, inclusive. It is not necessary to inquire whether within section 942 there is a stay of the execution of a judgment directing the "payment of money" without a stay-bond, notwithstanding the fact that it also enforces a lien other than a mortgage on personal property. In the case at bar the judgment declares the liens enforced to be "plaintiff's mortgage and lien," and "intervener's mortgage and lien," and that "said mortgages and liens are the ones described in the complaint," etc. Therefore, on the face of the papers, the liens here dealt with are mortgages, and, being within section 943, the judgment cannot be stayed without a stay-bond, and the three-hundred-dollar bond does not warrant a *supersedeas*. Moreover, the court below found that the property directed to be sold was "perishable property," and that being so, the three-hundred-dollar bond does not stay the proceedings under section 949.

The application for *supersedeas* is denied and the proceeding dismissed.

Van Dyke, J., Harrison, J., Garoutte, J., and Henshaw, J., concurred.